# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DEVONTE VINCENT LADELL, | ) |
| PLAINTIFF, | ) |
| V. | ) Case No. CIV-17-1147-R |
| 1. GEICO CASUALTY COMPANY, a foreign for profit insurance Company, | ) |
| DEFENDANT. | ) |

## COMPLAINT

### A. Parties

1. Plaintiff, Devonte Vincent Ladell, is a citizen of the State of Oklahoma.

2. Defendant, Geico Casualty Company, is a foreign, for-profit insurance corporation incorporated and organized under the laws of the State of Maryland.

3. The principal place of business for Defendant, Geico Casualty Company, is within the State of Maryland.

4. The Defendant, Geico Casualty Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

### B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### C. Facts

7. At all times material hereto, Plaintiff, Devonte Vincent Ladell, owned a vehicle, a 2016 Kia Forte LX, vin number KNAFK4A64G5606443.

8. On or about June 30, 2017, Plaintiff's' vehicle was stolen in Oklahoma City, Oklahoma.

9. At all times material hereto, the Plaintiff, Devonte Vincent Ladell, was insured under the terms and conditions of an insurance policy, policy No. 4448-44-01-66, issued by the Defendant, Geico Casualty Company. Plaintiff, Devonte Ladell, timely submitted a claim to Defendant (Claim No. 0569104150101023).

10. At all times material hereto, Plaintiff, Devonte Vincent Ladell, complied with the terms and conditions of his insurance policy.

11. Plaintiff's loss which occurred on or about June 30, 2017 is a covered theft loss not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant, Geico Casualty Company.

### D. Count I: Breach of Contract

12. Plaintiff, Devonte Vincent Ladell, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13. The insurance policy No. 4448-44-01-66, issued by the Defendant, Geico Casualty Company, was in effect on June 30, 2017.

14. The acts and omissions of the Defendant, Geico Casualty Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

15. Defendant's breach of contract includes, but is not limited to, the improper denial of Plaintiff's claim and the failure to pay for any of Plaintiff's covered losses. Defendant, Geico Casualty Company, improperly and unreasonably denied Plaintiff's claim when the above mentioned loss was covered pursuant to the terms and conditions of the policy purchased by Plaintiff. Further, Defendant failed to conduct a reasonable investigation of the theft of Plaintiff's vehicle. Specifically, Defendant never investigated the loss and instead unreasonably concluded that the Plaintiff's vehicle was "embezzled" without any evidence.

### E. Count II: Bad Faith

16. Plaintiff, Devonte Vincent Ladell, hereby asserts, alleges and incorporates paragraphs 1-15 herein.

17. The above mentioned acts and omissions of the Defendant, Geico Casualty Company, in the investigation, evaluation, and denial of Plaintiff's claim

were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant unreasonably and in bad faith failed denied Plaintiff's claim and failed to issue any payment to Plaintiff for his covered loss. Defendant, Geico Casualty Company, improperly and unreasonably denied Plaintiff's claim when the above mentioned loss was covered pursuant to the terms and conditions of the policy purchased by Plaintiff. Further, Defendant failed to conduct any reasonable investigation of the theft of Plaintiff's vehicle. Specifically, Defendant never investigated the loss and instead unreasonably concluded that the Plaintiff's vehicle was "embezzled", and thus excluded. Plaintiff explained to the Defendant that his vehicle was stolen but Defendant refused to do any investigation or re-open the claim unless Plaintiff could get the police report changed from "embezzlement" to "theft". Had Defendant undertaken any reasonable investigation of the claim, it would have learned that Plaintiff's vehicle was stolen and amounted to a covered loss under the policy.

18. Defendant's unreasonable, bad faith conduct includes, but is not limited to, an unreasonable claim investigation, evaluation, and adjustment which resulted in an improper denial of coverage for Plaintiff's covered loss.

### F. Count III: Punitive Damages

19. Plaintiff, Devonte Vincent Ladell, hereby asserts, alleges and incorporates paragraphs 1-18 herein.

20. The unreasonable conduct of the Defendant, Geico Casualty Company, in the handling of Plaintiff's claim was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby being sought.

### G. Demand for Jury Trial

21. Plaintiffs, Devonte Vincent Ladell, hereby requests that the matters set forth herein be determined by a jury of his peers.

### H. Prayer

22. Having properly pled, Plaintiff, Devonte Vincent Ladell, hereby seeks contractual, bad faith and punitive damages against the Defendant, Geico Casualty Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 13167
McGrew, McGrew & Associates, PC
400 N. Walker Ave., Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFFS**